# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

v.                                              Case No: 8:17-CV-564-T-27AAS

**13TH CIRCUIT COURT JUDGES,**
**SUNSHINE STATE INSURANCE CORP,**
**SCHWARTZ LAW GROUP, PA and**
**MORGAN & MORGAN LAW,**

    **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's *pro se* Motion to Vacate Judgment (Dkt. 19) and Motion to Disqualify The Federal Middle District Judge (Dkt. 20). The motions are DENIED.

**Procedural History**

Plaintiff's original *pro se* Complaint was dismissed as frivolous, for failure to comply with the Federal Rules of Civil Procedure, and failure to allege a basis for subject matter jurisdiction, his request to proceed *in forma pauperis* was denied, and the case was closed. (Dkt. 3). He subsequently filed, without seeking leave, an Amended Complaint, which was stricken for failure to follow the Local Rules (Dkt. 7).

On September 15, 2017, the order dismissing the case was vacated and Plaintiff was granted leave to file an amended complaint which complied with Rules 8 and 10, Federal Rules of Civil Procedure, within 14 days. (Dkt. 12). The Order expressly provided that absent the filing of an amended complaint, "this case **will be dismissed with prejudice**." Plaintiff failed to file an amended complaint within that time. Accordingly, on October 6, 2017, the case was dismissed with prejudice.

1

(Dkt. 14). His request to proceed *in forma pauperis* was denied as moot (Dkt. 17). Nearly two years later, he filed the instant motions.

Since there is no active pending case, his *pro se* Motion to Vacate Judgment (Dkt. 19) and Motion to Disqualify The Federal Middle District Judge (Dkt. 20) are **DENIED**.[1]

**DONE AND ORDERED** this 7th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: *Pro se* Plaintiff

---

[1] Both motions (Dkts. 19, 20), like his complaint (Dkt. 1) and untimely amended complaints (Dkts. 4, 15), are for the most part repetitive, rambling, incoherent, and difficult to decipher. And to the extent any of his pleadings can be construed as requesting the vacating of a state court judgment, (*see, e.g.*, Dkt. 5 at 6, Dkt. 6 at 39, Dkt. 4 at 16, 69, 72, 86, Dkt. 19 at 3), it is unclear what judgment he refers to. And, such a request would likely be barred by the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court's review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

To the extent Dkt. 20 requests recusal, the request is due to be denied because it is factually insufficient. *See* 28 U.S.C. §§ 144 and 455. Specifically, Plaintiff states no facts from which "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which [Plaintiff's motion is based] would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Further, there is no evidence or allegation that a judicial opinion in the case was formed based on extrajudicial sources. *See Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (quoting *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)) (finding that "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.... Neither a trial judge's comments on the lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias."). Finally, Plaintiff's conclusory statements do not demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *United States v. Bray*, 546 F.23d 851, 857 (10th Cir. 1976) (citations omitted).