UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

v.                                                   Case No: 8:17-CV-564-T-27AAS

**13TH CIRCUIT COURT JUDGES,
SUNSHINE STATE INSURANCE CORP.,
SCHWARTZ LAW GROUP, PA, and
MORGAN & MORGAN LAW,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's fourth *pro se* Motion to Vacate a Void-Ab-Initio Judgment (Dkt. 31). The motion is **DENIED**. Plaintiff's original *pro se* Complaint was dismissed as frivolous, for failure to comply with the Federal Rules of Civil Procedure or allege a basis for subject matter jurisdiction. (Dkt. 3). His request to proceed *in forma pauperis* was denied, and the case was closed. (Id.). Without seeking leave, he filed an Amended Complaint, which was stricken for failure to comply with Local Rules (Dkt. 7).

On September 15, 2017, the Order dismissing the case was vacated and Plaintiff was granted leave to file within 14 days an amended complaint in compliance with Rules 8 and 10, Federal Rules of Civil Procedure. (Dkt. 12). The Order expressly provided that absent the filing of an amended complaint, "this case **will be dismissed with prejudice**." (Id.). Plaintiff failed to file an amended complaint within that time. Accordingly, on October 6, 2017, the case was dismissed with prejudice. (Dkt. 14). His request to proceed *in forma pauperis* was denied as moot. (Dkt. 17). Nearly two years later, his request to vacate judgment was denied, as was his subsequent motion

requesting reconsideration. (Dkts. 19, 22). He then filed a motion to vacate a void-ab-initio judgment, which was denied. (Dkts. 25, 26). He filed a second motion to vacate void-ab-initio judgment. (Dkt. 27). That motion was denied. (Dkt. 28). He then filed a third motion to vacate a void-ab-initio judgment, which was denied (Dkts. 29, 30).

Since there is no active pending case, his *pro se* Motion to Vacate a Void-Ab-Initio Judgment (Dkt. 31) is **DENIED**.[1] Plaintiff is warned that pursuant to Federal Rule of Civil Procedure 11 this Court may enter monetary or other sanctions against him for filing or pursuing frivolous motions. Plaintiff's frivolous filings affects this Court's responsibility to allocate its limited resources in the interests of justice. In the event Plaintiff continues filing such frivolous motions, he may be subject to sanctions pursuant to Rule 11. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (finding that the "number, content, frequency, and disposition" of plaintiff's filings showed an abusive pattern, and revoking plaintiff's *in forma pauperis* privilege, and directing the Clerk of the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee).

**DONE AND ORDERED** this 24th day of July, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: *Pro se* Plaintiff

---

[1] His 22-page motion (Dkt. 31), like his complaint (Dkt. 1) and untimely amended complaints (Dkts. 4, 15), is, for the most part, repetitive, rambling, incoherent, and difficult to decipher. And to the extent any of his pleadings can be construed as requesting the vacating of a state court judgment, (*see, e.g.*, Dkt. 5 at 6; Dkt. 6 at 39; Dkt. 4 at 16, 69, 72, 86; Dkt. 19 at 3; Dkt. 25 at 1; Dkt. 27 at 1; Dkt. 29 at 1; Dkt. 30 at 1, 4), it is unclear what judgment he refers to. And such a request would likely be barred by the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court's review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).