# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

v.                                                       Case No: 8:17-cv-564-T-27AAS

**13TH CIRCUIT COURT JUDGES,**
**SUNSHINE STATE INSURANCE CORP.,**
**SCHWARTZ LAW GROUP, PA, and**
**MORGAN & MORGAN LAW,**

    **Defendants.**
_____/

## **ORDER**

      **BEFORE THE COURT** is correspondence from Plaintiff (Dkt. 37), construed as a motion to reconsider the order denying his fifth *pro se* motion to vacate a void-ab-initio judgment. *See* (Dkts. 35, 36). The construed motion is **DENIED**.

      Plaintiff's original *pro se* 70-page Complaint was dismissed as frivolous and for failure to comply with the Federal Rules of Civil Procedure or allege a basis for subject matter jurisdiction. (Dkt. 3). His request to proceed *in forma pauperis* was denied and the case was closed. (Id.). Without seeking leave, he filed an Amended Complaint which was stricken for failure to comply with the Local Rules (Dkt. 7). In the same Order, his 20-page motion to dismiss (Dkt. 5) and 45-page motion for summary judgment (Dkt. 6) were denied as moot. (Dkt. 7).

      On September 15, 2017, the Order dismissing the case was vacated and Plaintiff was granted leave to file within 14 days an amended complaint in compliance with Rules 8 and 10, Federal Rules of Civil Procedure. (Dkt. 12). The Order expressly provided that, absent the filing of an amended complaint, "this case **will be dismissed with prejudice**." (Id.). Plaintiff failed to

file an amended complaint within that time. Accordingly, on October 6, 2017, the case was dismissed with prejudice. (Dkt. 14). His request to proceed *in forma pauperis* was denied as moot. (Dkt. 17). Nearly two years later, his 98-page request to vacate judgment was denied, as was his subsequent motion requesting reconsideration. (Dkts. 19, 22, 23, 24). Plaintiff was again informed that the case was dismissed on October 6, 2017, and that there was no active pending case. (Dkt. 24).

Notwithstanding, since that Order and prior to the filing of his present motion, Plaintiff has filed five motions to vacate a void-ab-initio judgment and one motion for reconsideration of the Order denying his fourth motion to vacate.[1] (Dkts. 25, 27, 29, 31, 33, 35). These motions were denied. (Dkts. 26, 28, 30, 32, 34, 36). Moreover, Plaintiff was warned that if he continued to file frivolous motions he may be subject to sanctions. *See* (Dkts. 32, 34, 36). Despite these warnings, Plaintiff filed this construed motion to reconsider the Order denying his fifth *pro se* motion to vacate a void-ab-initio judgment. Because Plaintiff attempts to reargue the claims he raised in his prior motions to vacate a void-ab-initio judgment, and because there is no active pending case, his 30-page construed motion (Dkt. 37) for reconsideration is **DENIED**.[2]

Given Plaintiff's numerous frivolous and repetitive filings, an injunction is justified. *Martin-Trigona* injunctions are entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Injunctive relief is appropriate to curtail abuses by a litigant who has a history of litigation involving "vexation, harassment and needless expense" and "unnecessary burden on the

---

[1] Notably, Plaintiff's motions are long, repetitive, and an impediment to the administration of justice. *See e.g.*, (Dkt. 25 (89-pages); Dkt. 29 (147-pages)).

[2] In general, three circumstances justify reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) the need to correct clear error of law or prevent manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). No such circumstances are present here.

courts." *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1264 (2d Cir. 1984). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th. Cir. 1986); *see also Copeland v. Green*, 949 F.2d 390, 391 (11th. Cir. 1991); *Martin-Trigona v. Lavien*, 737 F.2d at 1261. This protection comes in various forms, including injunctions requiring pre-filing screening. *Martin-Trigona v. Shaw*, 986 F.2d at 1387-88. Injunctive relief may be entered so long as the litigant is not "completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074 (emphasis in original).

Plaintiff's repeated filing of motions in a closed case have caused an unnecessary burden on this Court. *Martin-Trigona v. Lavien*, 737 F.2d at 1262. Accordingly, Plaintiff is directed to show cause in writing within **fourteen (14) days** of the date of this Order why he should not be enjoined from filing any future pleadings related to this closed case without first seeking leave of court.

**DONE AND ORDERED** this 16th day of September, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: *Pro se* Plaintiff