UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TREECE A. SINGLETON,**

    Plaintiff,

v.                                                Case No: 8:17-cv-564-T-27AAS

**13TH CIRCUIT COURT JUDGES,
SUNSHINE STATE INSURANCE CORP.,
SCHWARTZ LAW GROUP, PA, and
MORGAN & MORGAN LAW,**

    Defendants.
_____/

**ORDER**

**BEFORE THE COURT** is Plaintiff Singleton's response to Order to Show Cause. (Dkt. 39). The Order to Show Cause directed Plaintiff to show cause in writing within fourteen days why he should not be enjoined from filing any future pleadings in this closed case without first seeking leave of court, due to his numerous frivolous and repetitive filings.[1] *See* (Dkt. 38). In his 44-page response, Plaintiff does not specifically address why an injunction should not issue, but

---

[1] Plaintiff's original *pro se* 70-page Complaint was dismissed as frivolous and for failure to comply with the Federal Rules of Civil Procedure or allege a basis for subject matter jurisdiction. (Dkt. 3). His request to proceed *in forma pauperis* was denied and the case was closed. (Id.). Without seeking leave, he filed an Amended Complaint which was stricken for failure to comply with the Local Rules (Dkt. 7). In the same Order, his 20-page motion to dismiss (Dkt. 5) and 45-page motion for summary judgment (Dkt. 6) were denied as moot. (Dkt. 7).

On September 15, 2017, the Order dismissing the case was vacated and Plaintiff was granted leave to file within fourteen days an amended complaint in compliance with Rules 8 and 10, Federal Rules of Civil Procedure. (Dkt. 12). The Order expressly provided that, absent the filing of an amended complaint, "this case **will be dismissed with prejudice**." (Id.). Plaintiff failed to file an amended complaint within that time. Accordingly, on October 6, 2017, the case was dismissed with prejudice. (Dkt. 14). His request to proceed *in forma pauperis* was denied as moot. (Dkt. 17). Nearly two years later, his 98-page request to vacate judgment was denied, as was his subsequent motion requesting reconsideration. (Dkts. 19, 22, 23, 24). Plaintiff was again informed that the case was dismissed on October 6, 2017, and that there was no active pending case. (Dkt. 24).

Notwithstanding, since that Order, Plaintiff has filed five motions to vacate a void-ab-initio judgment and two motions for reconsideration of the orders denying his fourth and fifth motion to vacate. (Dkts. 25, 27, 29, 31, 33, 35, 37). These motions were denied. (Dkts. 26, 28, 30, 32, 34, 36, 38). Moreover, Plaintiff was warned that if he continued to file frivolous motions he may be subject to sanctions. *See* (Dkts. 32, 34, 36).

1

instead, includes lengthy citations to legal authority and repeats arguments that have previously been rejected or found to be incoherent and repetitive. (Dkt. 39). Indeed, Plaintiff's response demonstrates that without judicial intervention, he will continue to file meritless and legally deficient pleadings. Upon consideration, a *Martin-Trigona* injunction shall issue to restrict Plaintiff's filings in this closed case, conserve judicial resources, control the Court's docket, and curb abuse.

*Martin-Trigona* injunctions are entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Injunctive relief is appropriate to curtail abuses by a litigant who has a history of litigation involving "vexation, harassment and needless expense" and "unnecessary burden on the courts." *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1264 (2d Cir. 1984). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th. Cir. 1986); *see also Copeland v. Green*, 949 F.2d 390, 391 (11th. Cir. 1991); *Martin-Trigona v. Lavien*, 737 F.2d at 1261. This protection comes in various forms, including injunctions requiring pre-filing screening. *Martin-Trigona v. Shaw*, 986 F.2d at 1387-88. Injunctive relief may be entered so long as the litigant is not "completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074 (emphasis in original).

As discussed, Plaintiff's repeated filings in a closed case has caused an unnecessary burden on this Court. *Martin-Trigona v. Lavien*, 737 F.2d at 1262. For this reason, Plaintiff should be restricted in his future filings in this case. *See Maid of the Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (11th Cir. 2010) (affirming an injunction restricting a party in a closed case from "filing any further motion, pleading, or other paper in relation to the instant civil action").

Accordingly, it is **ORDERED**:

1) Before filing any motion, pleading, or other paper in this closed case, Plaintiff is ordered to seek leave of court.

2) To obtain leave to make a filing, Plaintiff shall submit to the Magistrate Judge a short summary of the proposed filing that:

    a. Shall be double spaced and printed in 12-point font;

    b. Shall not exceed three pages in length;

    c. Shall be styled as "Motion for Leave to File";

    d. Shall briefly state that he seeks the Court's approval to make a particular filing and explain the legal purpose or basis of the request.

3) The Magistrate Judge will determine whether the pleading has arguable merit. In the event a Magistrate Judge's preliminary review results in a finding that the filing is frivolous, that filing will not be filed with the Court but will be returned to Plaintiff. If the Court issues such a finding, Plaintiff will be subject to sanctions such as a monetary assessment. *See In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995). In the event a Magistrate Judge's preliminary review results in a finding that Plaintiff's filing is not frivolous, the Magistrate Judge will direct the Clerk to file the document.

**DONE AND ORDERED** this 14th day of October, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: *Pro se* Plaintiff