UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

v.                                       **Case No. 8:17-cv-564-JDW-AAS**

**13TH CIRCUIT COURT JUDGES,**
**SUNSHINE STATE INSURANCE**
**CORP., SCHWARTZ LAW GROUP,**
**PA, and MORGAN & MORGAN LAW,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On March 19, 2021, Mr. Treece Singleton submitted a motion that the court construes to be another motion to vacate from the void-ab-initio judgment. Because of his pattern of filing frivolous and repetitive filings in this action, Judge Whittemore previously ordered:

1)    Before filing any motion, pleading, or other paper in this closed case, Plaintiff is ordered to seek leave of court.

2)    To obtain leave to make a filing, Plaintiff shall submit to the Magistrate Judge a short summary of the proposed filing that:
   a.    Shall be double spaced and printed in 12-point font;
   b.    Shall not exceed three pages in length;
   c.    Shall be styled as "Motion for Leave to File";
   d.    Shall briefly state that he seeks the Court's approval to make a particular filing and explain the legal purpose or basis of the request.

1

> 3) The Magistrate Judge will determine whether the pleading has arguable merit. In the event a Magistrate Judge's preliminary review results in a finding that the filing is frivolous, that filing will not be filed with the Court but will be returned to Plaintiff. If the Court issues such a finding, Plaintiff will be subject to sanctions such as a monetary assessment. *See In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995). In the event a Magistrate Judge's preliminary review results in a finding that Plaintiff's filing is not frivolous, the Magistrate Judge will direct the Clerk to file the document.

(Doc. 40, p. 3).

In November 2020, a month after Judge Whittemore entered his order, Mr. Singleton submitted a motion to vacate from the void-ab-initio judgment. A November 24, 2020 order explained Mr. Singleton failed to comply with Judge Whittemore's order and also warned Mr. Singleton that he would be subject to sanctions if he failed to comply with Judge Whittemore's order. (*See* Doc. 41).

For the second time, Mr. Singleton did not submit a motion for leave to file as directed by Judge Whittemore. Instead, Mr. Singleton only submits what the court construes as another motion to vacate from the void-ab-initio judgment. Thus, Mr. Singleton ignored the requirements set out by Judge Whittemore.

Although Mr. Singleton's motion is rambling and incoherent, Mr. Singleton complains about Judge Whittemore's prior handling of this case and

failure to recuse. But Mr. Singleton does not expand on these thoughts; instead he provides thirteen pages of unorganized citations to Florida statutes and cases from various federal courts. Again, Mr. Singleton discusses his former state court judgment and appears to request that the court vacate the state court judgment.

The court warned Mr. Singleton about filing motions, pleadings, or other paper without first requesting leave to file. (*See* Docs. 40, 41). Mr. Singleton should be sanctioned $1,000 for submitting his recent motion. *See* Fed. R. Civ. P. 11(c)(3). The sanction of $1,000 is the same amount assessed on other vexatious litigants. *See Connelly v. Chadbourne & Parke*, Nos. 8:03-cv-72-T-23TGW, 8:06-mc-23-T-TGW, 2006 WL 2331072, at *4 (M.D. Fla. Aug. 10, 2006); *In re Roy Day Litigation*, 976 F. Supp. 1460 (M.D. Fla. 1995). Because Mr. Singleton is given fourteen days to respond to this report and recommendation, his response must show cause as to why he should not be sanctioned.

The screening of Mr. Singleton's motions, complaints, or other papers should cease until he pays the recommended $1,000 sanction. Courts, including this district, have used this approach. *Connelly*, 2006 WL 2331072, at *4; *see also See Lyons v. Sheets*, 834 F.2d 493, 496 (5th Cir. 1987); *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Thus, the following is **RECOMMENDED:**

1. Mr. Singleton should be sanctioned $1,000 for filing a frivolous motion.

2. The Clerk should be directed to return the motion to Mr. Singleton.

3. The court should cease screening Mr. Singleton's documents until he has paid the $1,000 sanction in full.

**ENTERED** in Tampa, Florida on March 29, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. Section 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unopposed factual findings and legal conclusions.

cc:
Treece A. Singleton
8003 Fir Drive
Tampa, FL 33619