UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

v.                                                          Case No: 8:17-cv-564-T-27AAS

**13TH CIRCUIT COURT JUDGES,
SUNSHINE STATE INSURANCE CORP.,
SCHWARTZ LAW GROUP, PA, and
MORGAN & MORGAN LAW,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that Plaintiff Treece A. Singleton be sanctioned $1,000 for submitting a frivolous motion. (Dkt. 42). In response, Singleton filed objections to the Report and Recommendation (Dkt. 43), a motion for recusal of the undersigned (Dkt. 44), and a motion seeking leave to proceed *in forma pauperis* on appeal (Dkt. 45). As to his objections, rather than show cause as to why sanctions should not be assessed against him, Singleton reargues claims previously raised in his prior motions to vacate a state court judgment. (Dkt. 43). Accordingly, after consideration of the Report and Recommendation and Singleton's objections, in conjunction with an independent examination of the file, the objections are overruled, and the Report and Recommendation is adopted, confirmed, and approved with a modification as to the amount of the sanction. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation (Dkt. 42) is adopted, confirmed, and approved with a modification as to the amount of the sanction.
2. A sanction of $500.00 is assessed against Singleton for the submission of the frivolous motion.
3. The Clerk is directed to place a copy of Singleton's motion in the file and return the original to him.

4. The screening procedure outlined in ECF Doc. 40 is stayed until Singleton pays the sanction.

5. The Clerk shall accept no further filing by Singleton until Singleton pays the $500.00 sanction and files proof of payment. After he pays the sanction and files proof of payment, the screening procedure will resume.

6. Notably, Singleton failed to seek leave before filing his motions for recusal and to proceed *in forma pauperis*. (Dkts. 44, 45). Notwithstanding, his prior motion to proceed *in forma pauperis* was denied (Dkt. 17), and he presents no facts warranting recusal.[1] Accordingly, the motions are **DENIED**.

**DONE AND ORDERED** this 27th day of April, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro Se* Plaintiff, Clerk of Court

---

[1] Specifically, Singleton states no facts from which "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which [Singleton's motion is based] would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Further, there is no evidence or allegation that a judicial opinion in the case was formed based on extrajudicial sources. *See Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (quoting *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)) (finding that "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources. . . . Neither a trial judge's comments on the lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias."). Finally, Singleton's conclusory statements do not demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *United States v. Bray*, 546 F.23d 851, 857 (10th Cir. 1976) (citations omitted).