# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TREECE A. SINGLETON,**

    **Plaintiff,**

**v.**                                                          **Case No. 8:17-cv-564-JDW-AAS**

**13TH CIRCUIT COURT JUDGES,**
**SUNSHINE STATE INSURANCE**
**CORP., SCHWARTZ LAW GROUP,**
**PA, and MORGAN & MORGAN LAW,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On September 15, 2021, Mr. Treece Singleton submitted a motion the court construes as a motion seeking leave to file another motion to vacate from the void-ab-initio judgment. Because of his pattern of filing frivolous and repetitive filings in this action, Judge Whittemore previously ordered:

1)     Before filing any motion, pleading, or other paper in this closed case, Plaintiff is ordered to seek leave of court.

2)     To obtain leave to make a filing, Plaintiff shall submit to the Magistrate Judge a short summary of the proposed filing that:
    a.     Shall be double spaced and printed in 12-point font;
    b.     Shall not exceed three pages in length;
    c.     Shall be styled as "Motion for Leave to File";
    d.     Shall briefly state that he seeks the Court's approval to make a particular filing and explain the legal purpose or basis of the request.

3)      The Magistrate Judge will determine whether the pleading has arguable merit. In the event a Magistrate Judge's preliminary review results in a finding that the filing is frivolous, that filing will not be filed with the Court but will be returned to Plaintiff. If the Court issues such a finding, Plaintiff will be subject to sanctions such as a monetary assessment. *See In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995). In the event a Magistrate Judge's preliminary review results in a finding that Plaintiff's filing is not frivolous, the Magistrate Judge will direct the Clerk to file the document.

(Doc. 40, p. 3).

In November 2020, a month after Judge Whittemore entered his order, Mr. Singleton submitted a motion to vacate from the void-ab-initio judgment. A November 24, 2020 order explained Mr. Singleton failed to comply with Judge Whittemore's order and warned Mr. Singleton that he would be subject to sanctions if he failed to comply with Judge Whittemore's order. (*See* Doc. 41). On March 19, 2021, Mr. Singleton again submitted a motion to vacate from the void-ab-initio judgment without first seeking leave. (Doc. 47). Mr. Singleton's motion was again denied and Mr. Singleton was fined $500.00 as sanctions for submitting the frivolous motion. (Doc. 46).[1]

While Mr. Singleton's present submission does ask for leave to file, his

---

[1] Mr. Singleton paid this sanction on September 15, 2021, the same day he submitted the present motion. (Doc. 48).

submission is still fatally defective. Mr. Singleton's motion is 4 single-spaced pages, not 3 double-spaced pages as required in Judge Whittemore's order. (Doc. 40, p. 3). Further, Mr. Singleton's motion does not "briefly state that he seeks the Court's approval to make a particular filing and explain the legal purpose or basis of the request," but instead confusingly reasserts arguments previously rejected multiple times by this court. (*Id.*). Mr. Singleton's motion therefore fails to comply with Judge Whittemore's order and lacks arguable merit.

Mr. Singleton should be sanctioned $500 for continuing to submit frivolous motions. *See* Fed. R. Civ. P. 11(c)(3). The sanction of $500 is the same amount previously assessed against Mr. Singleton (Doc. 46) and half the amount assessed against prior vexatious litigants. *See Connelly v. Chadbourne & Parke*, Nos. 8:03-cv-72-T-23TGW, 8:06-mc-23-T-TGW, 2006 WL 2331072, at *4 (M.D. Fla. Aug. 10, 2006); *In re Roy Day Litigation*, 976 F. Supp. 1460 (M.D. Fla. 1995). Because Mr. Singleton is given fourteen days to respond to this report and recommendation, his response must show cause as to why he should not be sanctioned. As with this court's prior order, the screening of Mr. Singleton's motions, complaints, or other papers should cease until he pays the recommended $500 sanction. (Doc. 46).

Thus, the following is **RECOMMENDED:**

1.    Mr. Singleton should be sanctioned $500 for filing a frivolous

       motion.

2.    The Clerk should be directed to file a copy of Mr. Singleton's

       motion and return the original motion to Mr. Singleton.

3.    The court should cease screening Mr. Singleton's documents until

       he has paid the $500 sanction in full.

**ENTERED** in Tampa, Florida on September 22, 2021.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. Section 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unopposed factual findings and legal conclusions.


cc:
Treece A. Singleton
8003 Fir Drive
Tampa, FL 33619